THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| JACK LINCOLN | * | CIVIL ACTION NO. 03-2018 |
| Versus | * | JUDGE STAGG |
| CADDO CORRECTIONAL INS, ET AL | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is an opposed Motion for Summary Judgment filed by defendants, Caddo Parish Sheriff Steve Prator and Sgt. Rick Farris. (Doc. # 18). For reasons stated below, it is recommended that the motion be **GRANTED**[1].

Pro se plaintiff, Jack Lincoln, filed a civil rights complaint and amended complaint in forma pauperis pursuant to 42 U.S.C. § 1983. He claims that his civil rights were violated by prison officials while he was incarcerated at the Caddo Correctional Center and names the Caddo Correctional Center ("CCC"), the City of Shreveport ("the City"), Sheriff Steve Prator ("Prator") and Rick Farris ("Farris") as defendants.

Plaintiff complains that he was housed in a cell with inmate Bennie Thomas for more than two months. He states that Thomas had previously injured another inmate at the city jail and that inmate later died. Plaintiff states that on January 15, 2003, Thomas became violent and

---

[1]The Court recommends the current action be dismissed as to all defendants even though the current Motion was filed only on behalf of Defendants Prator and Farris. In addition to the reasons stated within, any and all claims against Caddo Correctional Center ("CCC") should be dismissed because CCC is not a legal entity subject to suit, and the City of Shreveport should be dismissed because the complaint contains no allegations against the City of Shreveport sufficient to support a claim for relief.

began swinging wildly in the cell, hitting Plaintiff and causing Plaintiff to fall and hit his head. Plaintiff is seeking damages for hearing loss and pain and suffering.

Defendants Prator and Farris move for summary judgment on the bases that there is no evidence that personnel with the Caddo Parish Sheriff's Office were deliberately indifferent to Plaintiff's safety, and that Plaintiff failed to exhaust all administrative procedures prior to filing this action. Finding that this matter is subject to dismissal with prejudice on the latter basis, the prior one need not be addressed.

## LAW AND ANALYSIS

**Summary Judgment Standard**

Summary judgment is appropriate when the evidence before the Court shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. F.R.C.P. Rule 56(b); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). While the facts are to be reviewed with all inferences drawn in favor of the non-moving party, factual controversies are resolved in favor of the non-movant only when there is an actual controversy. That is, when both parties have submitted evidence of contradictory facts. *McCallum Highlands, Limited v. Washington Capital DUS, Inc.*, 66 F.3d 89 (5th Cir. 1995).

**Administrative Remedy Procedures**

The Prison Litigation Reform Act of 1995 amended section 1997e(a) of the Civil Rights of Institutionalized persons Act of 1980 provides:

> No action shall be brought with respect to prison conditions under section 1979 of the revised Statutes of the United States (42 U.S.C. § 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

There is a three step process set forth in the inmate handbook that describes the Administrative Remedy Procedures ("ARP"). Plaintiff was ordered by Magistrate Judge Payne on April 8, 2004, to furnish the Court with a copy of all steps taken in the administrative remedy procedure. (See Doc. #5). Defendants claim that Plaintiff did not exhaust his administrative remedies prior to filing this action. Plaintiff contends that he attempted to exhaust his administrative remedies through his attorney and by written request.

The alleged event occurred on January 15, 2003. On January 31, 2003, Plaintiff hired attorney Daniel C. Scarborough, IV ("Scarborough") to represent him regarding this incident. (Doc. #1 pg. 15-18). By letter dated, February 7, 2003, Scarborough advised Sheriff Prator that he was representing Plaintiff and requested that Plaintiff be taken to LSU Medical Center to see a neurologist to check for nerve damage that may have occurred during the altercation between Plaintiff and Bennie Thomas. (Doc. #1 pg. 19-20). On May 15, 2003, Scarborough wrote a letter to Plaintiff requesting permission to attempt to settle Plaintiff's case for $10,000. (Doc. #6 pg. 6-7). In a letter dated August 16, 2003, and written to Scarborough by Plaintiff, it appears that Plaintiff previously informed Scarborough that he would not agree to settle for $10,000. In addition, Plaintiff informed Scarborough that since he had not heard from him in three months he wanted all information relating to his case to be returned to him so that he could obtain different legal representation. (Doc. #1 pg. 11-12). On August 26, 2003, Scarborough sent Plaintiff a disengagement letter. (Doc. #1 pg. 14). On August 28, 2003, Plaintiff sent Sheriff Prator a letter entitled "Emergency ARP." (Doc. #1 pg. 6-9). Plaintiff's ARP referenced the incident with Bennie Thomas and stated that Plaintiff was writing the emergency ARP because his recent attorney was not familiar with the ARP process. Sergeant Farris responded on behalf of Sheriff

Prator on October 15, 2003, stating that Plaintiff's letter could not be considered an ARP because the time to file an ARP had passed. (Doc. #1 pg. 10).

The first step of the ARP process states that a "complaint must be delivered to the Bureau Commander within 30 days of an alleged event." (Inmate Handbook, p. 69, paragraph G.1.a). The alleged incident occurred on January 31, 2003. Plaintiff's ARP was dated August 28, 2003. Plaintiff contends that he demonstrated a "good faith administrative remedy procedure via his attorney Daniel C. Scarborough, and formally by request." Courts have consistently held that exhaustion of prison grievance procedures are mandatory before filing a civil rights action with the courts. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Plaintiff's attempt to file an ARP was clearly beyond the 30 day time frame. Even if the Court were to consider Attorney Scarborough's letter dated February 7, 2003, which was within the 30 day requirement, it does not conform to the requirements of an ARP. The Inmate Handbook of the Caddo Correctional Center requires that the ARP process be

> initiated by a satisfactory written complaint to the Bureau Commander. For purposes of this process, a satisfactory written complaint is: (1) an Administrative Remedy Request Form; or (2) any form of written communication which contains this phrase: *This is a request for administrative remedy.* ... no written communication as set forth in (2) above shall be accepted into the process unless it contains the phrase, *This is a request for administrative remedy*.

Attorney Scarborough's letter does not contain the statement "This is a request for administrative remedy." The only request made in the letter is for Plaintiff to be seen by a neurologist.

While the time for filing ARPs has occasionally been extended under circumstances in which the plaintiff was physically incapable of filing an ARP, see *Days v. Johnson*, 322 F.3d 863 (5th Cir.2003), (finding that plaintiff had been prevented from filing a grievance within the given

4

time frame due to a broken writing hand), this is by no means a certainty, see *Parker v. Adjetey*, 89 Fed.Appx. 886 (5th Cir.2004), (affirming dismissal for failure to exhaust administrative remedies even though plaintiff had been hospitalized in a coma during the relevant time period).

In this case, Lincoln was not prevented from filing an ARP either physically or otherwise. While he may have assumed his attorney would properly file an ARP, Lincoln himself was not precluded from filing an ARP; and ignorance of the law does not relieve Plaintiff of his obligation to exhaust the available administrative remedies. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir.1999).

In addition, as the time for filing administrative remedies has now passed, any claim by Plaintiff would be untimely, and it would be pointless to dismiss this action without prejudice. **It is therefore recommended that the Motion for Summary Judgment (Doc. #18) be GRANTED, and that the plaintiff's complaint be dismissed WITH prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 14th day of November, 2005.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE